IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. _____<br>)<br>) COMPLAINT |
| v. | )<br>) JURY TRIAL DEMAND |
| TKO CONSTRUCTION SERVICES, | )<br>) |
| Defendant. | )<br>) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"); and 29 U.S.C. § 626(b) to correct unlawful employment practices and provide appropriate relief to Marilee Wachsmuth (hereinafter "Wachsmuth") who was adversely affected by such practices. In addition, this is an action under Title VII and the ADEA to correct unlawful employment practices and provide appropriate relief to a class of aggrieved individuals who were adversely affected by such practices.

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that TKO Construction Services ("Defendant" or "TKO") discriminated against Wachsmuth by subjecting her to constructive discharge when Defendant instructed her to engage in discrimination on the basis of sex, race and/or age, and as a result, Wachsmuth was forced to resign. The EEOC also alleges that Defendant discriminated against a class of aggrieved individuals when it failed or refused to hire applicants and/or assign employees with client

companies because of their sex, race and/or age. Further, the EEOC alleges that Defendant's classification and referral of employees based on sex and race resulted in adverse actions including, but not limited to, fewer hours worked and less pay for a class of aggrieved individuals. All of Defendant's actions were in violation of Title VII and the ADEA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and § 706(f)(3) of Title VII, as amended, 42 U.S.C. §2000e-5(f)(1) and §2000e-5(f)(3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. This action is also authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff EEOC is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3). The EEOC is also charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of Minnesota and the City of Coon Rapids. Defendant has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h), and Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

6. At all relevant times, Defendant has continuously procured employees for an employer and has been an employment agency within the meaning of Sections 701(c) of Title VII, 42 U.S.C. §§ 2000e(c), and Sections 11(c) of the ADEA, 29 U.S.C. §§ 630(c).

7. At all relevant times, Defendant has been a covered entity under Section 701(b) of Title VII, 42 U.S.C. § 2000e-(b), and the ADEA, 29 U.S.C. § 630(b).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Wachsmuth filed an EEOC Charge of Discrimination alleging discrimination by Defendant based on -- among other things -- sex, race, age, and constructive discharge in violation of Title VII and the ADEA.

9. On July 11, 2022, and July 31, 2023, the EEOC issued to Defendant a Letter of Determination and amended Letter of Determination finding reasonable cause to believe that Defendant discriminated against Wachsmuth by constructively discharging her in violation of Title VII and the ADEA. The EEOC also found reasonable cause to believe that Defendant discriminated against a class of employees in violation of Title VII and the ADEA for failure to recruit, assign and hire individuals because of their sex, race and age. The EEOC also found

reasonable cause to believe that Defendant discriminated based on failure or refusal to refer for employment or to classify a class of employees based on sex, race and age in violation of Title VII and the ADEA. The Letters of Determination invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10.  At various time between July 11, 2023 and August 21, 2023, EEOC and Defendant exchanged proposals for the remedying of the discriminatory practices described in the Letters of Determination.

11. The EEOC was unable to secure a conciliation agreement acceptable to the EEOC and Defendant and the EEOC issued Defendant a Notice of Failure of Conciliation on May 18, 2023, and August 21, 2023.

12.  All conditions precedent to the institution of this suit have been fulfilled.

### STATEMENT OF CLAIMS

13.  Defendant is a construction staffing company, headquartered in Minnesota, that provides temporary employees for commercial, residential, restoration, heavy industrial and energy construction companies across the United States. Defendant also provides employees for large agriculture, industrial cleaning, and maritime jobs. Defendant has employees working in over 30 states.

14.  Since at least 2017, Defendant engaged in unlawful employment practices at its facilities in Minnesota, Indiana and Nevada in violation of Title VII and the ADEA.

15.  Defendant hired Wachsmuth as a recruiter in July 2018. During her employment, Defendant subjected Wachsmuth to discrimination by instructing her to engage in discriminatory

employment practices and not hire, recruit, refer, or assign individuals because of their sex, female; race, Black; and age, individuals 40 years or older.

16. On more than one occasion in separate incidents, at least one of Defendant's recruiters and an account manager told Wachsmuth that Defendant did not hire women for construction jobs. Defendant's employees also told Wachsmuth that Defendant did not hire Blacks in certain areas because the clients do not want them. A recruiter and an account manager also told Wachsmuth that Defendant did not hire individuals over 40 years old because they could not do the job or clients did not want older workers.

17. Defendant's employees, on separate occasions, told Wachsmuth that these discriminatory practices and/or policies were set by Defendant's president, and if she did not follow these discriminatory hiring, recruitment, and assignment practices and/or policies, she could be disciplined and/or terminated.

18. Wachsmuth spoke with Defendant's president, and he told her that Defendant did not hire women for construction jobs; Blacks in certain areas because the clients did not want Black employees; and older individuals because clients did not want them.

19. After meeting with Defendant's president who told her to engage in discriminatory conduct, Wachsmuth was forced to resign her employment. Wachsmuth was expected to engage in discrimination, which was a violation of federal anti-discrimination laws, Title VII and the ADEA. As a result, Defendant constructively discharged Wachsmuth.

20. Defendant failed to recruit, hire, assign or refer a class of aggrieved individuals for employment because of their sex, female; race, Black; and age, 40 years or older. These individuals were qualified for jobs for which Defendant was hiring.

21. Defendant classified and/or referred employees by sex, female; and race, Black which resulted in adverse employment actions. Women were referred to less hours of work and received less pay than males; and Black employees were referred to less hours of work and received less pay than Whites.

22. The effects of the practices complained of in paragraphs 14-21 above, has been to deprive Wachsmuth of equal employment opportunities and otherwise adversely affect her status as an employee based on sex and/or age in violation of Title VII and the ADEA.

23. The effects of the practices complained of in paragraphs 14-21 above, has been to deprive a class of aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees based on sex, female; and race, Black in violation of Title VII; and age in violation of the ADEA.

24. The unlawful employment practices complained of in paragraphs 14-21 above were and are intentional and/or willful.

25. The unlawful employment practices complained of in paragraphs 14-21 above were done with reckless indifference to the federally protected rights of Wachsmuth.

26. The unlawful employment practices complained of in paragraphs 14-21 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

27. Since at least 2017, Defendant has violated Section 7(a) of the ADEA, 29 U.S.C. § 626(a), by failing to make and preserve records required by the Commission necessary to the Commission's administration of the ADEA and has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed. This failure includes

neglecting to retain records of all applications for at least one year following their receipt and failing to keep complete records of the placement of its employees with clients during the period that EEOC was investigating the Charge of Discrimination that had been filed against it.

## PRAYER FOR RELIEF

WHEREFORE, the Commission requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate based on sex, race and age. Also grant a permanent injunction prohibiting Defendant from discriminating against any individual for engaging in protected activity under Title VII or the ADEA, or for opposing practices made unlawful by Title VII or the ADEA, or for participating in this lawsuit;

B.  Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of sex, race and age, and which eradicate the effects of its unlawful employment practices;

C.  Order Defendant to make whole Wachsmuth by providing appropriate back pay with prejudgment interest and a tax component award, in amounts to be determined at trial, reinstatement or front pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.  Order Defendant to make whole a class of aggrieved women, Blacks and individuals age 40 or older by providing appropriate back pay with prejudgment interest and a tax component award, in amounts to be determined at trial, reinstatement or front pay in lieu of

reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E. Order Defendant to make whole Wachsmuth by providing compensatory damages for past and future pecuniary losses resulting from the unlawful employment practices including loss of personal property, medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial;

F. Order Defendant to make whole a class of aggrieved women and Blacks by providing compensatory damages for past and future pecuniary losses under Title VII resulting from the unlawful employment practices including loss of personal property, medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial;

G. Order Defendant to make whole Wachsmuth by providing compensatory damages for past and future non-pecuniary losses resulting from its unlawful employment practices including emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

H. Order Defendant to make whole a class of aggrieved women and Blacks by providing compensatory damages for past and future non-pecuniary losses under Title VII resulting from its unlawful employment practices including emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

I. Order Defendant to pay Wachsmuth punitive damages for its malicious and/or recklessly indifferent conduct in amounts to be determined at trial;

J. Order Defendant to pay a class of aggrieved women and Blacks punitive damages

under Title VII for its malicious and/or recklessly indifferent conduct in amounts to be determined at trial;

K. Order Defendant to pay a class of aggrieved individuals, age 40 or older, liquidated damages under the ADEA.

L. Order Defendant to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c) and Section 7(a) of the ADEA, 29 U.S.C. § 626(a).

M. Grant such further relief as this Court deems necessary and proper in the public interest; and

N. Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Gwendolyn Young Reams
Acting General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E., 5th Floor
Washington, D.C. 20507


Gregory Gochanour
Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street
Chicago, IL 60604
Email: gregory.gochanour@eeoc.gov


Ethan M. M. Cohen (IL Bar No. 6206781)
Assistant Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street
Chicago, IL 60604
Email: ethan.cohen@eeoc.gov


s/ Tina Burnside
Tina Burnside (WI Bar No. 1026965)
Senior Trial Attorney
EEOC Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota 55401
Telephone: (612) 552-7319
Facsimile: (612) 335-4044
Email: tina.burnside@eeoc.gov